MILDRED EDELSTEIN et al., Respondents, v. ARIBAR CORP., Appellant, et al., Defendants. ARIBAR CORP., Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiffs, v. JACOB ALTNEU et al., Doing Business as CRYSTAL WINDOW CLEANING Co., Third-Party Defendants-Appellants.— Judgment, insofar as appealed from by the defendant Aribar, unanimously reversed, with costs, and a new trial ordered, on the ground that the amounts awarded are excessive, unless the plaintiffs stipulate to reduce the verdict in favor of plaintiff Mildred Edelstein to $3,500, and in favor of the coplaintiff Henry Edelstein to $1,000, in which event the judgment, as so modified, is affirmed, without costs. Judgment, so far as appealed from by the third-party defendants, unanimously affirmed. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ.

■

PATHE LABORATORIES, INC., Plaintiff, v. VIDICAM CORPORATION, Appellant-Respondent; TELEVISION FEATURES, INC., et al., Respondents-Appellants, et al., Defendants.— In this appeal by Vidicam Corporation from denial of its motion to dismiss the cross complaint of Television Features, Inc., as not authorized by section 264 of the Civil Practice Act, the order of Special Term is reversed and the motion granted, but without prejudice to the bringing of an independent action on the same allegations. The cross complaint is unrelated to the issues raised in the original complaint in this action (since settled). In brief, the cross complaint seeks the balance of the agreed price for which the business was sold. It is only incidental that payment of the full price would have placed Television Features, Inc., in sufficient funds so that the original plaintiff might have been saved from damage resulting from an alleged violation of the Bulk Sales Law. No costs. Settle order on notice. In this appeal by Television Features, Inc., and Larry Gordon from denial of their motion to dismiss the setoff and cross complaint of Vidicam Corporation, for legal insufficiency, the order of Special term is reversed and the motion granted, but without prejudice to Vidicam Corporation to replead its alleged cause of action in another action either as a complaint, or as a counterclaim, as it may be advised. The allegations designed to permit proof to justify disregarding of the corporate entity are too general and conclusory. Merely to allege that Vidicam's debtor is the sole stockholder and creditor of Television is insufficient. The further allegation that Television is Gordon's " alter-ego " is conclusory in the absence of ultimate facts establishing the conclusion. No costs. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ. [See 283 App. Div. 708.]

■

MARGARET F. McGINN, Respondent, v. JAMES J. McGINN, Appellant.— Order unanimously modified so as to provide that the default is open and the action restored to the trial calendar, on condition that no attempt shall be made by plaintiff to enforce collection through contempt proceedings of any arrears due under the order of 1946 granting temporary alimony and, as so modified, affirmed. Settle order on notice. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ.